# Third District Court of Appeal
## State of Florida

Opinion filed March 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1452
Lower Tribunal No. 17-0082
_____

**Publix Super Markets, Inc.,**
Petitioner,

vs.

**Miami-Dade County, Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Celeste Hardee Muir, Barbara Areces, and Lisa S. Walsh, Judges.

Greenspoon Marder LLP, and Louis J. Terminello, for petitioner.

Abigail Price-Williams, Miami-Dade County Attorney, and Kevin M. Marker, and Dennis A. Kerbel, Assistant County Attorneys, for respondent.

Before SCALES, LINDSEY, and BOKOR, JJ.

PER CURIAM.

This is a petition for second-tier certiorari review filed by Publix Supermarkets, Inc. Publix argues the Circuit Court Appellate Division decision departed from the essential requirements of law.[1] Because it did not, we deny the petition.

In 2016, Publix sought to place a package store selling beer, wine, and spirits in an existing, empty location in a shopping center in Miami-Dade County. The proposed location for the package store is zoned BU-2, Special Business District. T-Rexx Colonial Liquors (another package liquor store) was located within 1,500 feet of Publix's proposed location. Because T-Rexx is less than 1,500 feet from the proposed location, Publix required two things: (1) a Special Exception, which would allow Publix to use the existing vacant space for a package liquor store and (2) a Non-Use Variance, which would allow Publix to be open on Sundays year-round.

In January of 2017, the Community Zoning Appeals Board 14 ("CZAB") held a public hearing regarding Publix's application. Publix presented evidence in favor of its application. T-Rexx presented evidence against

---

[1] The Circuit Court Appellate Division denied Publix's petition for first-tier certiorari following the Community Zoning Appeals Board's denial of Publix application for a Special Exception and Non-Use Variance.

Publix's application. The CZAB voted to deny Publix's application for both the Special Exception and the Non-Use Variance.[2]

Publix sought first-tier certiorari review of the CZAB denial. The Circuit Court Appellate Division granted Publix's petition for first-tier certiorari review in a 2-1 decision, quashing the CZAB's denial of Publix's application and remanding to the CZAB. The Circuit Court Appellate Division found that the CZAB's decision to deny the Special Exception and Non-Use Variance was not supported by competent and substantial evidence because T-Rexx failed to meet its burden of showing Publix did not meet the requirements necessary.

The County then filed a petition for second-tier certiorari with this Court, which this Court granted. See Miami-Dade County v. Publix Supermarkets, Inc., 305 So. 3d 668 (Fla. 3d DCA 2020). In so doing, this Court quashed the order of the Circuit Court Appellate Division granting Publix's petition for first-tier certiorari. We concluded that the Circuit Court Appellate Division "applied incorrect law to the facts below, [thereby] departing from the essential requirements of law." Id. at 672. We then remanded the case with

---

[2] The CZAB denied the special exception because it "would not be compatible with the area and its development" and "would have an adverse impact upon the public interest," and denied the variance on the grounds that it "would not be in harmony with the general purpose and intent of the regulations."

3

the following instruction: "the circuit court [is] to apply the three-prong standard of review [applicable to first-tier certiorari], and when applying the third prong, the court should review the record to determine simply whether the CZAB's decision is supported by competent substantial evidence." Id.

On remand, the Circuit Court Appellate Division concluded that CZAB's denial of Publix's application was supported by competent and substantial evidence and denied Publix's petition for first-tier certiorari. Following the denial of Publix's motion for rehearing, Publix filed the instant petition for second-tier certiorari review.

Publix does not argue deprivation of procedural due process. Rather, Publix focuses its argument on whether the Circuit Court applied the correct law leaving this Court with the narrow task of determining whether the correct law was applied. It was. Accordingly, we deny petition for second-tier certiorari. See Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012) (explaining that on second-tier certiorari stemming from a circuit court's review of an administrative decision, "[t]he inquiry is limited to whether the circuit court [1] afforded procedural due process and [2] *whether the circuit court applied the correct law*").

Petition denied.